IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ENRIQUE FLORES,

                          Plaintiff,                  **FIRST**

   -against-                                   **AMENDED COMPLAINT**

                                              (Jury Trial Demanded)

CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, INSPECTOR
WILLIAM TAYLOR, tax #914984, OF THE        17-CV-5339 (NGG)(PK)
NARCOTICS BOROUGH QUEENS SOUTH
(at the time of the 3 incidents was assigned to the
60th Precinct as Deputy Inspector), SERGEANT
RUBEN DUQUE, tax #919931, OF THE 60th Precinct
And DEFENDANT POLICE OFFICERS
JOHN DOES and/or JANE ROES Nos. 1-10
(whose names are unknown at this time),
OF THE 60TH PRECINCT,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff Enrique Flores, by his attorney Rochelle S. Berliner, Esq., for his complaint, alleges as follows:

## INTRODUCTION

1. Plaintiff Enrique Flores brings this action, pursuant to 42 U.S.C. § 1983, to redress the deprivation of his federal constitutional rights. More specifically, on or about March 25, 2016, at approximately 6:00 p.m., and on about June 25, 2016, at approximately 4:15 p.m., and on about July 15, 2016, at approximately 8:30 p.m., Defendant Deputy Inspector William Taylor ("Defendant Taylor") and/or Defendant Sergeant Duque ("Defendant Duque"), and/or Defendant Police Officers John Does and/or Jane Roes Nos. 1-10, each of whom was a member of the New York City Police Department ("NYPD"), 60th Precinct, engaged in the false arrest, unlawful imprisonment, and excessive force against Mr. Flores.

-1-

2. Mr. Flores brings suit to redress these aspects of the violation of his federal and state constitutional rights.

**JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as the claims of Mr. Flores arise under Federal law. Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as the claims of Mr. Flores arise under the common law of the State of New York.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because the events forming the basis of Plaintiff's Complaint occurred in that District.

**PARTIES**

5. Mr. Flores is a citizen of the United States. He resides in the State of New York, Kings County.

6. Defendant Taylor was, at all times relevant herein, a member of the NYPD. Upon information and belief, at all times relevant herein, he was assigned to the 60th Precinct.

7. Upon information and belief, Defendant Taylor is still a member of the NYPD. At all times relevant herein, he was acting within the scope of his employment and under color of law.

8. Defendant Duque was, at all times relevant herein, a member of the NYPD. Upon information and belief, at all times relevant herein, he was assigned to the 60th Precinct.

9. Upon information and belief, Defendant Duque is still a member of the NYPD. At all times relevant herein, he was acting within the scope of his employment and under color of law.

10. Defendant Police Officers John Does and/or Jane Roes Nos. 1-10 were, at all times relevant herein, members of the NYPD. Upon information and belief, at all times relevant herein, they were assigned to the 60th Precinct.

11. Upon information and belief, Defendant Police Officers John Does and/or Jane Roes Nos. 1-10 are still members of the NYPD. At all times relevant herein, they were acting within the scope of their employment and under color of law.

12. Defendant City of New York ("Defendant City") is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant herein, it was the employer of the individually named defendants.

## ADMINISTRATIVE PREREQUISITES

13. On September 19, 2016, Mr. Flores filed a timely Notice of Claim with Defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law, concerning his arrest.

14. On January 9, 2017, Mr. Flores filed a timely Amended Notice of Claim with Defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law, concerning his subsequent arrests.

15. At least thirty days have elapsed since Mr. Flores filed the Notice of Claims and adjustment or payment thereof has been neglected or refused. This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

16. A 50-h hearing was not scheduled and is deemed waived.

**FACTS UNDERLYING THE COMPLAINT**

17. On or about March 25, 2016, at approximately 6:00 p.m., Mr. Flores, who wears a prosthetic leg and uses crutches or a wheelchair for mobility, was on the Boardwalk at Coney Island near West 16th Street, with a group of musicians and approximately 40-50 spectators.

18. Defendant Taylor and Defendant Duque, along with Defendant Police Officers John Does and Jane Roes #1-10 approached Mr. Flores and the group, smacking cups out of some of the people's hands, accusing one or more of them of drinking alcohol in public.

19. Mr. Flores, having noticed that the officers routinely only approached groups of Hispanics, stated in sum and substance, "Why do you always harass us? This is why you mother******* keep getting shot."

20. Defendant Duque slammed Mr. Flores to the ground, asserting that Mr. Flores had made a threat.

21. Mr. Flores, who has a prosthetic leg which is visible, cried out in pain.

22. Upon information and belief, Defendant Duque then kneed Mr. Flores in the back and shoved his face into the ground while he was already on the ground and immobilized; Defendant Duque then repeatedly yelled and screamed at Mr. Flores.

23. Mr. Flores was given a summons for "Disorderly Conduct" under New York Penal Law §240.20.

24. Mr. Flores appeared in court on or about May 24, 2016, and pled not guilty.

25. Mr. Flores's case was adjourned to June 23, 2016.

26. Mr. Flores appeared in court on June 23, 2016, and pled guilty.

27. On or about June 25, 2016, at approximately 4:15 p.m., Mr. Flores was on the Boardwalk at Coney Island near West 16th Street.

28. Despite not engaging in any activity that would constitute an offense, Defendant Taylor stated in sum and substance, "Mr. Flores, every time I see you, I'm going to give you a summons."

29. Mr. Flores responded in sum and substance, "Do what you gotta do, you piece of sh*t."

30. Defendant Taylor gave Mr. Flores a summons for "Disorderly Conduct" under New York Penal Law §240.20.

31. Mr. Flores appeared in court on September 9, 2016, and the case was adjourned to October 12, 2016.

32. Mr. Flores appeared in court on October 12, 2016, and the case was dismissed.

33. On or about July 15, 2016, at approximately 8:30 p.m., Mr. Flores was on the Boardwalk on Coney Island near West 16th Street.

34. Mr. Flores was sitting in his brand new wheelchair, not engaging in any activity that would constitute an offense.

35. Defendant Taylor approached Mr. Flores and accused him of drinking alcohol.

36. Mr. Flores was not drinking alcohol and did not receive a summons for drinking alcohol.

37. Nevertheless, Defendant Taylor and/or Defendant Police Officers John Does and/or Jane Roes Nos. 1-10, pulled Mr. Flores out of his wheelchair and pinned him to the ground.

38. Mr. Flores demanded that the individual defendants simply just give him a summons.

39. The individual defendants then escorted Mr. Flores off the Boardwalk and took his wheelchair from the scene.

40. Mr. Flores was taken to the 60th Precinct where Defendant Taylor threatened, in sum and substance, "I don't care if you're missing two legs. You could be smoking a cigarette and I'll keep giving you a summons."

41. Mr. Flores was issued a summons for "Disorderly Conduct" under New York Penal §240.20.

42. Mr. Flores appeared in court on September 30, 2016, and his case was Adjourned in Contemplation of Dismissal.

43. When Mr. Flores finally retrieved his wheelchair from the police, the seat was slashed and the wheelchair no longer operated in reverse.

44. Due to the within-mentioned three incidents, Mr. Flores suffered and continues to suffer injury.

45. Mr. Flores's injuries include past and continued emotional distress, including anxiety, distrust and fear of police, past and continued physical injury, and damage to his wheelchair.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Deprivation of Rights under 42 U.S.C. § 1983)**

46. Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

48. All of the aforementioned acts deprived Plaintiff Enrique Flores the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

49. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

50. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

51. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)**

52. Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

54. As a result of the foregoing, Plaintiff Enrique Flores was deprived of his liberty and right to substantive due process, causing severe emotional and psychological harm.

### AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest under 42 U.S.C. § 1983)

55.     Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 54, as if fully set forth herein.

56.     On March 25, 2016 and June 25, 2016, one of more of the individual defendants arrested Mr. Flores; they did not place handcuffs on his wrists, but he was not free to leave.  On July 15, 2016, one or more of the individual defendants placed handcuffs on and detained Mr. Flores, and brought him to the precinct to be fingerprinted and photographed.

57.     Defendants did not have probable cause to believe that Mr. Flores had committed any crime on any of these three dates.  Put simply, Mr. Flores did not engage in any conduct that warranted his arrest and detention.

58.     Because the individual defendants did not have probable cause to believe that Mr. Flores had committed a crime on any of these three dates, his detentions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

59.     As a result of his detention by the individual defendants on these three dates, Mr. Flores' liberty was restricted for an extended period of time.  Mr. Flores suffered physical and psychological injury, and continues to suffer injury.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Unlawful Imprisonment under 42 U.S.C. § 1983)

60.     Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 59, as if fully set forth herein.

61.     As a result of the individual defendants' conduct, Mr. Flores was detained on the boardwalk or at the precinct and at all times he knew he was detained.  Moreover, Mr. Flores did not consent to his confinement.

62. As the behavior of Mr. Flores provided no justification for these defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

63. As a result of defendants' conduct, Mr. Flores suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

64. Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 63, as if fully set forth herein.

65. On June 25, 2016, Defendant Taylor, without legal justification or probable cause and with malice charged Mr. Flores.

66. In prosecuting Mr. Flores, the Court relied upon information provided by Defendant Taylor.

67. Ultimately, the charges against Mr. Flores terminated in his favor. On October 12, 2016, after two appearances in court, the charge against him was dismissed.

68. As the behavior of Mr. Flores provided no justification for the individual defendant's conduct, the defendant's actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

69. As a result of this baseless prosecution, Mr. Flores suffered loss of freedom and was required to appear in court two times. Mr. Flores suffered injury, and continues to suffer injury.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (First Amendment Retaliation under 42 U.S.C. § 1983)

70. Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 69, as if fully set forth herein.

71. On March 25, 2016, and on June 25, 2016, Mr. Flores was simply expressing an opinion. He was not interfering with nor obstructing the defendants from effectuating any arrests or issuing of summonses. This speech challenging the defendants' intimidation, mistreatment and abuse of power is speech obviously protected by the First Amendment, and no reasonably competent police officer would believe otherwise.

72. Apparently, because Defendant Taylor and/or Defendant Duque and/or Defendant Police Officers John Does and/or Jane Roes Nos. 1-10 found Mr. Flores's challenge to be offensive, they retaliated by accusing and issuing him a summons for offenses that Mr. Flores did not commit.

73. In further retaliation, on July 15, 2016, Defendant Taylor caused Mr. Flores to be handcuffed, destroyed his wheelchair, and caused him to be prosecuted on charges which were based on Defendants' knowingly false statements.

74. In so doing, the individual Defendants under color of state law, deprived Mr. Flores of his rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including but not limited to deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person, including but not limited to false arrest and false imprisonment; (b) freedom from interference with activity

protected by the First Amendment; (c) freedom from retaliatory arrest; (d) freedom from retaliatory prosecution; and (e) freedom from abuse of process.

75.     As a result of the individual defendants' conduct, Mr. Flores's First Amendment Right to Free Speech was violated.  As a result, Mr. Flores suffered psychological injury and continues to suffer injury.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

76.     Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 75, as if fully set forth herein.

77.     The level of force employed by the individual defendants on March 25, 2016, and July 15, 2016 was excessive, objectively unreasonable and otherwise in violation of Mr. Flores's constitutional rights.

78.     As a result of the aforementioned conduct of defendants, Mr. Flores was subjected to excessive force and sustained damaged property, physical injuries and psychological injuries.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

79.     Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 78 as if fully set forth herein.

80.     Defendants had an affirmative duty to intervene on behalf of Mr. Flores, whose constitutional rights were being violated in their presence by other officers on March 25, 2016, June 25, 2016, and July 15, 2016.

81.     The defendants failed to intervene to prevent the unlawful conduct described herein.

82. As a result of the foregoing, Mr. Flores suffered damaged property, loss of freedom, physical and psychological injury, and continues to suffer physical and psychological injury.

### AS AND FOR AN NINTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

83. Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 82, as if fully set forth herein.

84. The supervisory defendants personally caused Plaintiff Enrique Flores' constitutional injury on March 25, 2016, June 25, 2016, and July 15, 2016, by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A TENTH CAUSE OF ACTION
### (Deprivation of Rights under the New York State Constitution)

85. Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 84, as if fully set forth herein.

86. By the actions described above, the individual defendants unlawfully arrested and detained Mr. Flores on the above-referenced three dates, thereby violating Mr. Flores' rights secured by Article 1, Section 6 of the New York State Constitution.

87. As a consequence thereof, Plaintiff Enrique Flores has been injured.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
### (False Arrest under State Law)

88. Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 87, as if fully set forth herein.

89. On June 25, 2016, and July 15, 2016, one or more of the individual defendants placed handcuffs on and/or otherwise detained Mr. Flores.

90. Defendants did not have probable cause to believe that Mr. Flores had committed any crime. Put simply, Mr. Flores did not engage in any conduct that warranted his arrest and detention and there was no legal justification for his arrest.

91. As a result of his arrest and subsequent detention by the individual defendants, Mr. Flores's liberty was restricted for an extended period of time without probable cause. Mr. Flores suffered psychological injury, and continues to suffer psychological injury.

92. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

93. As the employer of the individual defendants, Defendant City is responsible for Mr. Flores's injuries under the doctrine of *respondeat superior*.

### AS AND FOR AN TWELFTH CAUSE OF ACTION
### (Unlawful Imprisonment under State Law)

94. Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 93, as if fully set forth herein.

95. On June 25, 2016, and July 15, 2016, as a result of the individual defendants' conduct, Mr. Flores was detained at the scene or at the precinct.

96. Because these defendants did not have probable cause to believe that Mr. Flores had committed a crime, no legal justification existed for his arrest and detainment.

97. The confinement of Mr. Flores was not otherwise privileged.

98. Mr. Flores was conscious of said confinement and did not consent to same.

99. As a result of the foregoing, Mr. Flores was falsely imprisoned and his liberty was restricted for an extended period of time. Mr. Flores suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

100. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

101. As the employer of the individual defendants, Defendant City is responsible for Mr. Flores's injuries under the doctrine of *respondeat superior*.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Malicious Prosecution under State Law)

102. Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 101, as if fully set forth herein.

103. On June 25, 2016, Defendant Taylor, without legal justification, charged Mr. Flores with Disorderly Conduct.

104. As a result of the charge, Mr. Flores was required to appear in court. In prosecuting Mr. Flores, the Court relied upon information provided by Defendant Taylor.

105. Ultimately, the charges against Mr. Flores terminated in his favor. On October 12, 2016, after two court appearances, the charges against him were dismissed.

106. At all times relevant herein, Defendant Taylor acted with malice. They He knew, or should have known, that Mr. Flores was actually innocent of the offenses with which he was charged.

107. As such, the conduct of defendants violated Mr. Flores's rights protected by the New York State Constitution.

108. As a result of this baseless prosecution, Mr. Flores suffered psychological injury, and continues to suffer psychological injury.

109. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

110. As the employer of the individual defendants, Defendant City is responsible for Mr. Flores's injuries under the doctrine of *respondeat superior*.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Abuse of Process Under State Law)

111. Plaintiff ENRIQUE FLORES repeats and realleges the allegations contained in paragraphs 1 through 110, as if fully set forth herein.

112. On June 25, 2016, and July 15, 2016, Defendant Taylor and one or more of the individual defendants, without excuse or legal justification, and with malice in retaliation for Mr. Flores's expression of opinion, used the criminal process to charge, arrest, assault, and prosecute Mr. Flores.

113. The individual defendants used the criminal process in a perverted manner to obtain a collateral objective, to wit, in order to prevent Mr. Flores from expression and speaking out against incidents of police misconduct.

114. During these incidents, Mr. Flores never interfered with any police procedures.

115. After verbally accusing Mr. Flores falsely of consuming alcohol and pulling Mr. Flores out of his wheelchair during the July 15, 2016, arrest, Defendant Taylor then falsely charged Mr. Flores with Disorderly Conduct.

116. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

117. As the employer of the individual defendants, Defendant City is responsible for Mr. Flores's injuries under the doctrine of *respondeat superior*.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Assault under State Law)

118. Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 117, as if fully set forth herein.

119. By reason of the foregoing, on July 15, 2016, the defendants placed Mr. Flores in apprehension of imminent harmful and offensive contact, thereby committing an assault.

120. As a consequence thereof, Mr. Flores has been injured.

121. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

122. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Flores suffered and continues to suffer as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Battery under State Law)

123. Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 122, as if fully set forth herein.

124. By reason of the foregoing, on July 15, 2016, the individual defendants unreasonably struck and pulled Mr. Flores out of his wheelchair in a harmful and offensive manner, thereby committing a battery.

125. As a consequence thereof, Plaintiff Enrique Flores has been injured.

126. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

127. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Flores suffered and continues to suffer as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Negligent Hiring and Retention under State Law)

128. Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 127, as if fully set forth herein.

129. Upon information and belief, Defendant City failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrests of Mr. Flores.

130. Defendant City knew, or should have known in the exercise of reasonable care, the propensities of Defendant Taylor, Defendant Duque, and Defendant Police Officers John Does and/or Jane Roes Nos. 1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A EIGHTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under State Law)

131. Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 130 as if fully set forth herein.

132. The individual defendants owed a duty to act according to the standard of ordinary care of a police officer.

133. The individual defendants breached that duty by failing to act as ordinary police officers would.

134. Upon information and belief Defendant City failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrests and prosecutions of Mr. Flores.

135. As a result of the individual defendants' conduct, Mr. Flores has been injured.

136. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

137. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Flores suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under State Law)

138. Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 137, as if fully set forth herein.

139. One or more of the defendants intentionally and deliberately inflicted emotional distress on Mr. Flores on June 25, 2016, and on July 15, 2016, by falsely arresting or unlawfully imprisoning, or maliciously prosecuting, or by violating his constitutional rights or knew or should have known that emotional distress was the likely result of their conduct.

140. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

141. As a result of Defendants' intentional, extreme and outrageous conduct, Mr. Flores was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

142. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

143. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Flores suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

### AS AND FOR AN TWENTIETH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress under State Law)

144. Plaintiff ENRIQUE FLORES repeats and re-alleges the allegations contained in paragraphs 1 through 143, as if fully set forth herein.

145. One or more of the defendants negligently inflicted emotional distress on Mr. Flores on June 25, 2016, and on July 15, 2016.

146. Defendants had a continuing affirmative duty to perform their duties as police officers in such a manner as not to inflict emotional distress on Mr. Flores.

147. Mr. Flores never interfered with the police officers obligations under the above-described duties.

148. As a result of Defendants' negligent conduct, Mr. Flores was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

149. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

150. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Flores suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

### DEMAND FOR A JURY TRIAL

151. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, ENRIQUE FLORES prays for the following relief:

(a) compensatory damages in an amount to be determined at trial, but no less than $200,000;

(b) punitive damages in an amount to be determined at trial;

(c) reasonable attorneys' fees;

(d) costs and expenses; and

(e) such other and further relief as is just and proper.

Dated: Queens, New York
July 2, 2018

ROCHELLE S. BERLINER, ESQ.
Attorney for Plaintiff
118-21 Queens Boulevard, Suite 504
Forest Hills, New York 11375
(718) 261-5600

By: _____/s/_____

Rochelle S. Berliner (RB 7463)